IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMAIL K. PORTER,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL P. GUINGONA, et al.,<br><br>    Defendants.<br>_____ | No. C 05-1921 MMC (PR)<br><br>**ORDER OF DISMISSAL** |

    Plaintiff, an inmate at the San Mateo County Jail proceeding pro se, filed the above-titled civil rights complaint under 42 U.S.C. § 1983 against John Digiacinto ("Digiacinto"), Executive Director of the San Mateo County Private Defender Program, and Michael Guingona ("Guingona"), the attorney appointed by the Program to represent plaintiff in his state court criminal proceedings. Plaintiff alleges that Guingona and Digiacinto provided him with deficient representation.

    By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.**    **Standard of Review**

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28

U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

**B.     Legal Claims**

Plaintiff alleges that Digiacinto and Guingona, both attorneys with the San Mateo County Private Defender Program, provided him with deficient representation. Private attorneys are not state actors. See Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); see also Kimes v. Stone, 84 F.3d 1121, 1126 (9th Cir. 1996) (attorneys are private actors). Services performed by a private attorney in connection with a lawsuit do not constitute action under color of state law, and, consequently, cannot be challenged in a § 1983 lawsuit. See Franklin v. Oregon, 662 F.2d 1337, 1345 (9th Cir. 1981); Briley v. California, 564 F.2d 849, 855-56 (9th Cir. 1977). Although private attorneys jointly acting with state officials may engage in a conspiracy and act "under color of state law" for purposes of a § 1983 action, plaintiff's conclusory allegations that Guingona "conspired" with the District Attorney's Office does not suffice to state a claim. See Simmons, 318 F.3d at 1161; Price v. Hawaii, 939 F.2d 702, 708 (9th Cir. 1991).

Plaintiff further alleges that the Private Defender Program contracts with San Mateo County to represent indigent criminal defendants. As such, its role is similar to that of a public defender's office. A public defender, however, does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. See Polk County v. Dodson, 454 U.S. 312, 318-19 (1981). Under a Polk County analysis, it is immaterial that the public defender failed to exercise independent judgment or that he was employed by a public agency; it is the nature and context of the function performed by the public defender that is determinative. See Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir 2003) (en banc). Here, plaintiff alleges that

Guingona gave him bad advice to accept a plea bargain and failed to seek dismissal of "strikes" charged to plaintiff, and that Digiacinto approved Guingona's work.  Because providing advice regarding a plea bargain and seeking to have allegations of prior convictions dismissed or stricken are traditional functions of a lawyer, Guingona, in advising plaintiff to accept the plea bargain and in failing to seek dismissal of charged strikes, was not acting under color of state law.

As defendants Guingona and Digiacinto were not acting under color of state law when representing plaintiff, plaintiff's claims against them for deficient representation are not cognizable under § 1983.

**CONCLUSION**

For the foregoing reasons, plaintiff's complaint is hereby DISMISSED for failure to state a cognizable claim for relief.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: June 17, 2005

     /s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge